## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN ELIZABETH JENKINS and** | : | |
| **JASON SCOTT PETTY,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-0383** |
| | : | |
| **TYLER DEVOE, *et al.*,** | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SCOTT, J.**                                                                **APRIL     17 , 2023**

Plaintiff Jason Scott Petty, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 with respect to a search and seizure that occurred in October of 2021. Currently before the Court are Petty's Complaint (ECF No. 2), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 3). For the following reasons, the Court will grant Petty leave to proceed *in forma pauperis*, and Petty's Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Petty will be granted leave to amend with respect to certain of his claims.

## I.     FACTUAL ALLEGATIONS[1]

Petty,[2] a prisoner currently incarcerated in Chester County Prison, brings this action against the West Caln Township Police Department and three of its Officers: (1) James D. Shaw,

---

[1] The facts set forth in this Memorandum are taken from Petty's Complaint. The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

[2] The Complaint in this action names both Petty and Karen Elizabeth Jenkins as Plaintiffs in this matter. (Compl. at 1-2.) It appears from Petty's filing in another matter that Jenkins is Petty's wife. *See Petty, et al., v. Uwchland Township, et al.*, Civ. A. No. 23-0370 (E.D. Pa.) (Compl. ECF No. 2 at 6.) To the extent Petty named Jenkins as a Plaintiff in order to raise legal claims on behalf of his wife, he is prohibited from doing so. A *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself. Accordingly, because Petty is

Shield Number 88; (2) Ryan Oher, Shield Number 81; and (3) Tyler Devoe,[3] all of whom are sued in both their individual and official capacities. (Compl. at 2-3.) The factual allegations of Petty's Complaint are sparse. He alleges that on or about October 22, 2021, in the impound lot of Finn's Towing, "Officer Shaw removed/seized 10 items not described on [the] warrant, having no connection to [the] warrant or charges in [the] case[.]"[4] (*Id.* at 5.) Petty asserts that he "included" Officers Oher and Devoe as Defendants based on their "acknowledgment & witnessing" of this alleged seizure by Officer Shaw. (*Id.*) Petty contends that the "West Caln Twp Police Dept. failed to train under brady [sic], violated search & seizure, all signed off on items taken in violation of warrant, ignoring due process, delib[erate] indif[ference], [and] reckless disregard[.]" (*Id.* at 4.) Petty also claims that he was not compensated for the seizure of the items not described in the warrant. (*Id.* at 5.) Based on the allegations of the Complaint, Petty seeks compensatory damages in the amount of $250,000 for "deprivation, anguish, [and] stress[.]" (*Id.*)

---

appearing *pro se* and is not an attorney, he may not bring claims on behalf of Jenkins. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). the Court will therefore dismiss claims raised on Jenkins's behalf without prejudice and direct the Clerk of Court to terminate Jenkins as a party in this case.

[3] On the line designated for "Shield Number" on the form complaint Petty submitted to the Court, Petty indicated that Devoe's Shield Number is "unknown". (Compl. at 3.)

[4] Public records reflect that a criminal complaint was filed on or about November 21, 2021, charging Petty with a number of crimes including, but not limited to: theft by unlawful taking, receiving stolen property, burglary, conspiracy, defiant trespass, criminal mischief – damage to property, and criminal trespass – entering a structure. *See Commonwealth v. Petty*, MJ-15306-CR-0000320-2021 (Chester C.P.). On February 2, 2023, Petty pled guilty to one count of theft by unlawful taking – moveable property and was sentenced 11.5 to 23 months confinement. *See Commonwealth v. Petty*, CP-15-CR-0000058-2022 (Chester C.P.).

## II.     STANDARD OF REVIEW

The Court will grant Petty leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Petty is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Petty asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court. (Compl. at 3.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

### A.     Claims Against the West Caln Township Police Department

Petty names the West Caln Township Police Department as a Defendant in this action. However, Petty's claims against the West Caln Township Police Department are not plausible. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the West Caln Township Police Department is not a proper defendant in this case under § 1983 and all claims against the Department must be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). These claims will be dismissed with prejudice as any attempt to amend would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should be generally be granted "unless amendment would be inequitable or futile.").

### B.     Official Capacity Claims

Petty has sued all Defendants in both their individual and official capacities. With respect to Defendants Shaw, Oher, and Devoe, official capacity claims are indistinguishable

4

from claims against the entity that employs the defendants. *See Kentucky v. Graham*, 473 U.S.

159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of

pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C.*

*Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all

respects other than name, to be treated as a suit against the entity." *Id.* Since Petty's official

capacity claims against the individual Officers of the West Caln Township Police Department

are essentially claims brought against their employer, West Caln Township, the Court will

analyze these claims according to the standards for pleading a municipal liability claim.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the

municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436

U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what

exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir.

2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish

municipal policy with respect to the action issues an official proclamation, policy, or edict.'"

*Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of*

*Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven

by showing that a given course of conduct, although not specifically endorsed or authorized by

law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v.*

*Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an

injury, the defendant must have "had knowledge of similar unlawful conduct in the past, failed to

take precautions against future violations, and that its failure, at least in part, led to his injury."

*Id.* (internal quotations and alterations omitted). Here, Petty has failed to identify a specific

policy or custom of West Caln Township that caused a violation of his constitutional rights.

While Petty apparently asserts that West Caln Township failed to properly train police officers with respect to *Brady*[5] violations, this sole allegation is conclusory and insufficient to state a plausible claim for liability based on a municipal policy or custom. *Iqbal*, 556 U.S. at 678. Accordingly, Petty's official capacity claims against the Officers, which are more properly characterized as municipal liability claims against West Caln Township, will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Petty will be granted to leave to amend his claims against West Caln Township if he can allege sufficient facts to state a plausible basis for liability under *Monell*.

## C.    Individual Capacity Claims Officers Shaw, Oher, & Devoe

As best as the Court can discern, it appears that Petty seeks to bring § 1983 claim regarding an illegal search and seizure in violation of his Fourth Amendment rights. Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Although the underlying command of the Fourth Amendment is always that searches and seizures be reasonable, what is reasonable depends on the context within which a search takes place." *Maryland v. King*, 569 U.S. 435, 461-62 (2013) (citation and internal quotations omitted). "The general rule is that a search or seizure is unreasonable if the police lack either probable cause or a warrant[.]" *United States v. Davis*, 726 F.3d 434, 439 (3d Cir. 2013). Where a search is made pursuant to a warrant, the Fourth Amendment requires that the warrant shall not issue unless it is based on probable cause, supported by a sworn affidavit, and describes both the place to be searched and the items to be seized with particularity. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004); *see also United States v. Rankin*, 442 F. Supp. 2d 225, 229 (E.D. Pa. 2006)

---

[5] *See Brady v. Maryland*, 373 U.S. 83 (1963).

("Pursuant to the Fourth Amendment, a valid warrant must describe the place to be searched and the items to be seized with particularity.  A warrant is impermissibly overbroad if it authorizes "a general, exploratory rummaging in a person's belongings.") (citation omitted).  "[T]he breadth of items to be searched depends upon the particular factual context of each case and also the information available to the investigating agent that could limit the search at the time the warrant application is given to the magistrate." *United States v. Yusuf*, 461 F.3d 374, 395 (3d Cir. 2006).

In order to properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, the circumstances under which the search arose are critical and must be adequately pled. *Cf. Tucker v. Petruzzi*, No. 17-1848, 2018 WL 3623766, at *5 (M.D. Pa. June 27, 2018), *report and recommendation adopted*, 2018 WL 3622772 (M.D. Pa. July 30, 2018) (noting that "the very nature of Fourth Amendment . . . unlawful entry litigation entails a consideration of the requirements of the Constitution in a specific factual context. . . . As such, these claims frequently are not subject to resolution . . . where [the court's] review is confined to an assessment of the well-pleaded facts in the complaint.")  Here, Petty's Complaint fails to state a plausible Fourth Amendment claim for an illegal search and seizure because he provides virtually no context regarding the circumstances of the search and seizure at issue.  Petty does not specifically allege the precise location (*e.g.*, a residence, a vehicle,[6] a business, *etc.*) that was searched by Officer Shaw, nor does he describe the nature of the items that were removed or where these items were stored prior to the search and alleged seizure.  Petty also fails to allege his relationship to the location that was searched or the items that were seized.  Absent well-pled facts identifying, among other things, the nature of the location or premises searched, the items

---

[6] Petty's allegation that the events relevant to the Complaint occurred in the impound lot of Finn's Towing (*see* Compl. at 4.), suggests that Officer Shaw may have searched a vehicle, but the Complaint does not allege sufficient facts with respect to that issue.

7

that were seized, Petty's relationship to the location and the items, the circumstances leading to

the Officer's search, and whether the search was supported by a warrant, Petty's allegations

suggest only a possible, rather than a plausible, basis for a Fourth Amendment claim. *See*

*generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with

a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

("Because the plaintiffs here have not nudged their claims across the line from conceivable to

plausible, their complaint must be dismissed."). Accordingly, the Court will dismiss Petty's

Fourth Amendment claims against Officers Shaw, Oher, and Devoe,[7] but the dismissal of these

claims is without prejudice to Petty filing an amended complaint if he can allege sufficient facts

to cure this pleading deficiency.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Petty leave to proceed *in forma pauperis*

and dismiss Petty's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim. Petty's claims against the West Caln Township Police Department will be dismissed with

---

[7] To the extent Petty seeks to raise a Fourteenth Amendment equal protection claim asserting that
the search and seizure was a result of racial profiling or racial discrimination, Petty has again
failed to allege sufficient facts to state a plausible claim. To raise "an equal protection claim in
the profiling context, a plaintiff must [allege] that the official actions had a discriminatory effect
and were motivated by a discriminatory purpose." *See Berete v. Cortazzo*, No. 11-4111, 2012
WL 6628040, at *4 (E.D. Pa. Dec. 18, 2012) (citing *Bradley v. United States*, 299 F.3d 197, 205
(3d Cir. 2002)). With respect to "discriminatory effect, a plaintiff must [allege] that he is a
member of a protected class and that he was treated differently from similarly situated
individuals in an unprotected class." *Id.* (citing *Bradley*, 299 F.3d at 206). In the Complaint,
Petty does not allege that he is a member of a protected class, nor does he allege that he is a
member of a particular racial minority. He makes no more than a passing reference to equal
protection, (*see* Compl. at 4), which does not suffice. *Iqbal*, 556 U.S. at 678. Accordingly,
Petty's equal protection claim will also be dismissed for failure to state a claim pursuant to §
1915(e)(2)(B)(ii), but Perry will be granted leave to file an amended complaint in the event he is
able to allege sufficient facts to set forth a plausible claim.

8

prejudice, and the Clerk of Court will be directed to terminate the Department as a Defendant in

this matter. Petty will be granted leave to amend with respect to: (a) his Fourth Amendment

search and seizure claims; (b) his Fourteenth Amendment Equal Protection Clause claims; and

(c) his official capacity claims. An appropriate Order follows.[8]

**BY THE COURT:**

Kai h. Scott

**KAI SCOTT, J.**

---

[8] Petty filed several letters with the Court on February 21, 2023. (*See* ECF Nos. 5, 6, & 8.) In general, these letters sought a change of address for Jenkins, updates regarding Petty's IFP status and the deduction of filings fees from his account, and the status of his cases. The docket reflects that the Clerk of Court updated Jenkins's address in accordance with ECF Nos. 5 & 6. This Memorandum and its accompanying Order grant Petty's *in forma pauperis* application, direct prison officials to deduct the required fees from his prison account, and provide Petty with an update on these proceedings. Petty also requests copies of the materials needed to file a habeas matter. The Court will direct the Clerk to send Petty blank copies of this Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254. To the extent these letters seek legal advice, the Court may not provide legal advice even if a litigant is not represented by counsel. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("Judges must be impartial, and they put their impartiality at risk – or at least might *appear* to become partial to one side – when they provide . . . assistance to a party."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("Requiring district courts to advise a *pro se* litigant ... would undermine district judges' role as impartial decisionmakers.").

9